**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Haas Door Company, | * | Case No. 3:13cv2507-JJH |
| | * | |
| Plaintiff, | * | Judge Jeffrey J. Helmick |
| | * | |
| -vs- | * | **DEFENDANT'S ANSWER AND** |
| | * | **AFFIRMATIVE DEFENSES TO** |
| Haas Garage Door Company, | * | **PLAINTIFF'S COMPLAINT, AND** |
| | * | **COUNTERCLAIM** |
| Defendant. | * | |
| | * | Richard S. MacMillan (0003109) |
| | * | macmillan@mstfirm.com |
| | * | MacMillan, Sobanski & Todd, LLC |
| | * | One Maritime Plaza, 5th Floor |
| | * | 720 Water Street |
| | * | Toledo, Ohio 43604 |
| | * | phone: (419) 255-5900 |
| | * | fax: (419) 255-9639 |
| | * | |
| | * | and |
| | * | |
| | * | Gregory C. Farell (0008895) |
| | * | farell@maf-law.com |
| | * | Milton E. Pommeranz (0075157) |
| | * | pommeranz@maf-law.com |
| | * | MALONE, AULT & FARELL |
| | * | 7654 West Bancroft Street |
| | * | Toledo, OH 43617-1604 |
| | * | phone: (419) 843-1333 |
| | * | fax: (419) 843-3888 |
| | * | Attorneys for Defendants, |
| | * | Haas Garage Door Company |

*********************************

Now comes the Defendant, Haas Garage Door Company ("Defendant"), by and through its counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states the following:

## NATURE OF THE ACTION

1.     In response to paragraph 1 of the Plaintiff's Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

## PARTIES

2.     In response to paragraph 2 of the Plaintiff's Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

3.     Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.     In response to paragraphs 4, 5, and 6 of the Plaintiff's Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5.     In response to paragraphs 7 and 8 of the Plaintiff's Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

6.     Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

2

Complaint.

7.     In response to paragraphs 10, 11, and 12 of the Plaintiff's Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

8.     In response to paragraph 13, Defendant admits that it uses the listed designations and service mark in connection with its <u>retail garage door installation and repair services</u> (rather than its "retail garage door and repair services."

9.     In response to paragraph 14 of the Plaintiff's Complaint, Defendant specifically admits that it "advertises and promotes said services in interstate commerce using said designations via Defendant's commercial website which is, and/or was, found online at http://www.haasgaragedoor.com (hereinafter "Defendant's Website")."  Defendant specifically denies all remaining allegations contained in paragraph 14 of the Plaintiff's Complaint.

10.    Defendant denies the allegations contained in paragraphs 15, 16, 17, and 18 of the Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**

11.    In response to paragraph 19 of the Plaintiff's Complaint, the Defendant incorporates its responses to paragraphs 1 through 10, as if fully rewritten herein.

12.    Defendant denies the allegations contained in paragraphs 20, 21, 22, 23, 24, and 25 of the Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

13.    In response to paragraph 26 of the Plaintiff's Complaint, the Defendant incorporates its responses to paragraphs 1 through 12, as if fully rewritten herein.

3

14.     Defendant denies the allegations contained in paragraphs 27, 28, 29, 30, 31, and 32 of the Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

15.     In response to paragraph 33 of the Plaintiff's Complaint, the Defendant incorporates its responses to paragraphs 1 through 14, as if fully rewritten herein.

16.     Defendant denies the allegations contained in paragraphs 34, 35, 36, 37, and 38 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

17.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

18.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and by laches.

19.     Plaintiff is barred from asserting the exclusive right in the "Haas" trademark because Defendant's right to use the "Haas" service mark predates or is co-extensive with Plaintiff's right.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed, that judgment be entered in favor of the Defendant, and that Defendant be awarded its costs herein and for such other relief as the Court deems proper.

Respectfully submitted,

MALONE, AULT & FARELL

By:  /s/ Milton E. Pommeranz
         Milton E. Pommeranz
         Attorney for the Defendant

4

## COUNTERCLAIM FOR DECLARATORY RELIEF

Now comes the Defendant, by an through counsel, and for its Counterclaim against Plaintiff, Haas Door Company, states as follows:

1.      This Court has jurisdiction over this Counterclaim pursuant to 15 U.S.C. §1119.

2.      In 1953, a business known as Haas Door began operating in northwest Ohio and southeast Michigan.  Haas Door offered sales, installation, and service of garage doors under the common law trademark and service mark of Haas Door.

3.      In 1961, a new entity known as the Haas Door Company was organized as an Ohio corporation.  The Haas Door Company was the successor entity of the Haas Door business and continued to offer sales, installation, and service of garage doors under the common law trademark and service mark of Haas Door throughout northwest Ohio and southeast Michigan.

4.      In 1965, another new entity known as the Haas Garage Door Company was organized as an Ohio corporation.  The Haas Garage Door Company was, at that time, commonly owned by the owners of the Haas Door Company.  Subsequently, the Haas Door Company focused on sales of garage doors under the common law trademark of Haas Door throughout northwest Ohio and southeast Michigan, while the Haas Garage Door Company focused on installation and service of garage doors under the common law service mark of Haas Garage Door throughout northwest Ohio and southeast Michigan.

5.      In 1989, the Haas Door Company was purchased by Masco Corporation.  The Haas Door Company continued to offer sales of garage doors under the common law trademark of Haas Door throughout northwest Ohio and southeast Michigan.  At the same time, the Haas Garage Door Company continued to offer installation and service of garage doors under the common law service

5

mark of Haas Garage Door throughout northwest Ohio and southeast Michigan.

6.    In 1995, the Haas Door Company was sold by Masco Corporation to Edward Nofziger.  The Haas Door Company (the Plaintiff herein) continued to offer sales of garage doors under the common law trademark of Haas Door throughout northwest Ohio and southeast Michigan. At the same time, the Haas Garage Door Company (the Defendant herein) continued to offer installation and service of garage doors under the common law service mark of Haas Garage Door throughout northwest Ohio and southeast Michigan.

7.    In 2001, Plaintiff, Haas Door Company, applied for a federal trademark registration for "Haas Door - A Nofziger Company" (plus design).  A copy of that federal trademark registration application is attached hereto as "Exhibit A."  Edward Nofziger signed that federal trademark registration application in his capacity as President of the Plaintiff Haas Door Company.

8.    In that federal trademark registration application, Mr. Nofziger stated the following:

> The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of the applicant; he believes the applicant to be the owner of the mark sought to be registered, or if the application is being filed under 15 U.S.C. 1051(b), he believes applicant to be entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the above-identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and all statements made on information and belief are believed to be true (emphasis added).

That federal trademark registration application was subsequently issued by the U.S. Trademark Office as U.S. Trademark Registration No. 2,594,259.

9.      The statement made by Mr. Nofziger in the federal trademark registration application was clearly false because Mr. Nofziger was aware of the Defendant, Haas Garage Door Company, a company having virtually the same name as his company and offering services that were clearly related to the goods and services offered by his company.

10.      Mr. Nofziger's statement constituted a false statement of a material fact made in connection with the filing of the federal trademark registration application and the subsequent procurement of such federal trademark registration.

WHEREFORE, Plaintiff prays that this Court order the U.S. Trademark Office to cancel Plaintiff's U.S. Trademark Registration No. 2,594,259.

Respectfully submitted,

MALONE, AULT & FARELL

By:  /s/ Milton E. Pommeranz
        Milton E. Pommeranz
        Attorney for the Defendant

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of January, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing system through the Court's CM/ECF system.

     /s/ Milton E. Pommeranz
     Milton E. Pommeranz