IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HAAS DOOR COMPANY<br>320 Sycamore St.<br>Wauseon, OH 43567<br><br>    Plaintiff,<br><br>v.<br><br>HAAS GARAGE DOOR COMPANY<br>26020 Glenwood Ave.<br>Perrysburg, OH 43551<br><br>    Defendant. | Case No. 3:13-cv-02507-JJH<br><br>Judge Jeffrey J. Helmick<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**<br><br>**FIRST AMENDED COMPLAINT & JURY DEMAND** |

COMES NOW, Plaintiff, Haas Door Company (hereinafter "Plaintiff"), by and through its attorneys, for its First Amended Complaint against defendant Haas Garage Door Company (hereinafter "Defendant"), alleges as follows:

1

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States and the State of Ohio, specifically under 15 U.S.C. § 1114(1) for trademark infringement; under 15 U.S.C. § 1125(a) for false advertising, unfair competition, false designation of origin, and express reverse passing off; and under Ohio Revised Code Chapter 4165 for deceptive trade practices.

## PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Ohio having its principal place of business at 320 Sycamore St., Wauseon, OH 43567.

3. On information and belief, Defendant is a corporation organized under the laws of the State of Ohio having its principal place of business at 26020 Glenwood Ave. Perrysburg, OH 43551.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action arises, *inter alia*, under 15 U.S.C. §§ 1114 and 1125. This Court has jurisdiction over Plaintiff's claims arising under the laws of the State of Ohio pursuant to 28 U.S.C. § 1367.

5. The Defendant is subject to the general personal jurisdiction of this Court. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in this District. A substantial part of the events or omissions giving rise to this action occurred in this District.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

7. Plaintiff is the owner of the trademark  , which is the subject of U.S. Registration Number 2,594,259 (hereinafter the "'259 Mark"). A true and correct copy of this certificate of registration, as issued by the United States Patent and Trademark Office, is attached hereto as Exhibit A and incorporated herein by reference. This registration is valid, unrevoked, subsisting and incontestable, and constitutes *prima facie* evidence of Plaintiff's exclusive ownership of the '259 Mark. This registration also constitutes *prima facie* evidence of the secondary meaning of the '259 Mark.

8. Plaintiff is also common law owner of the trademarks, including without limitation, HAAS, HAAS DOOR, HAAS DOOR COMPANY, AMERICAN TRADITIONS SERIES and AMERICAN TRADITIONS. Plaintiff has continuously used the trademarks HAAS, HAAS DOOR, and HAAS DOOR COMPANY in interstate commerce for at least (50) years, and has continuously used the AMERICAN TRADITIONS trademark in interstate commerce since at least as early as February of 2005. Plaintiff has continuously used all of the aforementioned common law trademarks in connection with garage doors, associated hardware and related services during the relevant time periods. Plaintiff has exclusive rights in the aforementioned trademarks for the aforementioned goods and related services.

9. On information and belief, Defendant currently knows and has known of Plaintiff's trademarks and Plaintiff's exclusive rights therein based on Plaintiff's prominent and well known position in the garage door industry. Furthermore, Defendant was previously a customer of Plaintiff's.

3

10. Plaintiff maintains a network of authorized dealers throughout the United States. Plaintiff establishes and maintains high quality and high standards for its products and services, and works to maintain such high quality and high standards in its authorized dealers.

11. Plaintiff has spent hundreds of thousands of dollars and has expended significant effort in advertising, promoting, and developing its trademarks. As a result, Plaintiff has established considerable goodwill in its trademarks.

12. Plaintiff owns and maintains a website at the domain name http://www.haasdoor.com.

13. Defendant uses the following designations in interstate commerce: (a) HAAS; (b) HAAS GARAGE DOOR COMPANY; (c) HAAS GARAGE DOOR CO.; (d) HAAS GARAGE DOOR; (e) HAAS GARAGE DOOR AND ENTRY SOLUTIONS; (f) HAAS DOOR CO.; (g) ; (h) a green "H" design with the wording "HAAS" shown on the H; and (i) a black "H" design with the wording "HAAS DOOR CO. GLENWOOD ROAD AT U.S. 20 PERRYSBURG, OHIO", all in connection with Defendant's retail garage door and repair services. Defendant also uses the aforementioned trade and service marks to give the false impression that Defendant is a manufacturer of garage doors.

14. Defendant advertises and promotes its services in interstate commerce using said designations via Defendant's commercial website which is, and/or was, found online at http://www.haasgaragedoor.com (hereinafter "Defendant's Website"). Defendant also promotes its services using its designations in interstate commerce in telephone books, television and radio advertisements, mail campaigns and in stickers and labels it places on products it installs.

4

15. Such designations are in some cases identical, and in others, nearly identical to the '259 Mark and Plaintiff's common law marks referenced in Paragraphs 7 and 8 above. Such designations are used by Defendant in connection with the promotion and sale of garage doors and related hardware, and garage door maintenance and related services. Defendant also uses its designations to falsely advertise that it manufacturers the garage doors that it installs and repairs, a vast majority of which are products manufactured by Plaintiff. Defendant also uses its designations to label garage doors, giving consumers the false impression that Plaintiff's products are manufactured by Defendant.

16. Defendant has systematically engaged in behavior willfully calculated to confuse its customers into believing that Defendant is the manufacturing source of Plaintiff's goods and that Defendant is in some way affiliated with Plaintiff.

17. By way of example and without limitation, Plaintiff is aware of and in possession of evidence showing that Defendant has, on multiple occasions, used both Plaintiff's trademarks and Defendant's designations in connection with express statements to certain of its customers that falsely claim that Defendant is the same as or affiliated with Plaintiff, and that Defendant is the manufacturing source of products that in fact are manufactured by Plaintiff. Plaintiff has discovered that such statements have caused actual confusion in the marketplace. There exists audio evidence of Defendant's willfully misleading statements wherein Defendant claims, among other misleading statements, that Defendant is the manufacturer of Plaintiff's products, and that Defendant and Plaintiff are one and the same. There also exists evidence showing that Defendant expressly misled Mr. Brian King of DeKalb County Door into believing that Defendant is the same as or affiliated with Plaintiff, and that Defendant is the manufacturing source of products that are in fact manufactured by Plaintiff. Mr. King was also led to believe that he was buying Plaintiff's

products directly from the manufacturer when in fact he was purchasing Plaintiff's products through Defendant.

18. Defendant has admitted in sworn deposition testimony to using, on thousands of occasions, labels that refer to Defendant as "Manufacturers of: Residential, Commercial & Industrial Overhead Doors & Electric Openers." By its own admission, Defendant is not a manufacturer of overhead doors or electric openers. Furthermore, Defendant's labels bear the HAAS designation, the HAAS GARAGE DOOR COMPANY designation, and the green H design bearing the word HAAS. Defendant has also admitted in sworn deposition testimony to using, on thousands of occasions, labels on newly installed garage doors in the shape of a black "H" that reads "HAAS DOOR CO. GLENWOOD ROAD AT U.S. 20 PERRYSBURG, OHIO." Glenwood Road at U.S. 20 Perrysburg, Ohio is the location of Defendant's principal place of business, while "HAAS DOOR CO." is the legal name of Plaintiff's corporation, organized and existing under the laws of the State of Ohio. By Defendant's own admission, Defendant has prominently displayed these labels on thousands of newly installed garage doors over the years, a vast majority of which were garage doors manufactured by Plaintiff. Defendant's use of the aforementioned stickers and labels was willfully calculated to cause confusion as to the actual source of Plaintiff's products, to take advantage of Plaintiff's substantial goodwill, and to deceive consumers as to the actual nature of Defendant's business.

19. Defendant markets itself as a manufacturer of garage doors. Defendant has marketed itself as a distributor of those garage doors. Defendant has marketed itself to Plaintiff's customers. Defendant directly competes with Plaintiff by marketing itself as a manufacturer and distributor of garage doors to many of Plaintiff's customers.

20. Defendant also willfully misleads consumers through Defendant's Website. Until the Fall of 2014, Defendant used language such as "Our American Tradition Series" on

Defendant's Website. Defendant does not manufacture the AMERICAN TRADITION SERIES doors, and does not have any rights in Plaintiff's AMERICAN TRADITION SERIES trademark. Defendant means to mislead consumers as to the source of its goods and services by promoting those goods and services in a way that gives the false impression that Plaintiff and Defendant, and their respective goods and services, are the same.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114(1))

21. Plaintiff hereby incorporates the facts and allegations contained in Paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant knows and has known of Plaintiff's trademarks, and Plaintiff's exclusive rights therein.

23. Defendant has used and continues to use in interstate commerce, without Plaintiff's authorization, Plaintiff's trademarks, and other designations confusingly similar thereto, in connection with Defendant's either identical or highly related goods and/or services. Defendant's activities have caused confusion and are likely to cause confusion or mistake, or to deceive the relevant consuming public as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities with Plaintiff.

24. Defendant's actions constitute willful infringement of Plaintiff's exclusive rights in Plaintiff's marks in violation of 15 U.S.C. § 1114(1). Defendant's intent to cause confusion in the marketplace makes this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to Plaintiff's valuable trademarks, profits, business, reputation and goodwill.

Unless Defendant is restrained from further infringement of Plaintiff's trademarks, Plaintiff will continue to be irreparably harmed.

26. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

27. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to damages resulting from Defendant's infringing use of Plaintiff's '259 Mark pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**
**(False Advertising, Unfair Competition, False Designation of Origin, and Express Reverse Passing Off Under 15 U.S.C. § 1125(a))**

28. Plaintiff hereby incorporates the facts and allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

29. Defendant is currently, and has in the past, knowingly engaged in false advertising and has knowingly misappropriated Plaintiff's trademarks. Defendant, in its interstate commercial advertising and promotion, misrepresents to its customers that it is a manufacturer of overhead doors and electric openers, misrepresents that it is the source of Plaintiff's products, uses Plaintiff's legal name in association with Defendant's address, and falsely expresses an affiliation with Plaintiff and Plaintiff's products. Defendant's misrepresentation of the nature and origin of the goods it sells and the services it offers constitutes false advertising.

30. Defendant's misrepresentations and further misappropriation of Plaintiff's trademarks have caused and are likely to cause confusion or mistake, or to deceive the relevant consuming public as to an affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities with Plaintiff.

8

31. Defendant's acts constitute false or misleading descriptions, false advertising, and false designations of origin and/or sponsorship in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to Plaintiff's valuable trademarks, profits, business, reputation and goodwill. Unless Defendant is restrained from further infringement of Plaintiff's trademarks, Plaintiff will continue to be irreparably harmed.

33. Plaintiff has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

34. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to damages resulting from Defendant's infringing and misleading use of Plaintiff's trademarks pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### (Deceptive Trade Practices Under Ohio Revised Code Chapter 4165)

35. Plaintiff hereby incorporates the facts and allegations contained in Paragraphs 1 through 34 above as though fully set forth herein.

36. In the course of Defendant's business, Defendant has passed off Plaintiff's goods as Defendant's; caused a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff; represented deceptive representations in connection with its goods and services; and represented that its goods and services have the sponsorship, approval status, affiliation and connection with Plaintiff and Plaintiff's goods that it does not have.

37. Defendant has engaged and continues to engage in deceptive trade practices under Ohio Revised Code Chapter 4165.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to Plaintiff's valuable trademarks, profits, business, reputation and goodwill. Unless Defendant is restrained from further infringement of Plaintiff's trademarks, Plaintiff will continue to be irreparably harmed.

39. Plaintiff has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

40. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to damages resulting under Ohio Revised Code Chapter 4165.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief against Defendant:

A. A judgment for Plaintiff on all Claims for Relief of the Complaint.

B. A finding that Defendant has violated 15 U.S.C. § 1114(1) for trademark infringement; 15 U.S.C. § 1125(a) for false advertising, unfair competition, false designation of origin, and express reverse passing off; and Ohio Revised Code Chapter 4165 for deceptive trade practices.

C. A finding that Defendant has willfully infringed Plaintiff's trademarks with full knowledge of Plaintiff's use and rights.

D. A finding that Defendant has willfully committed acts of unfair competition, false designation of origin, express reverse passing off, and false advertising.

E. A finding that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

F. Under all claims for relief, that a permanent injunction be issued enjoining Defendant, its employees, agents successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

  i. imitating, copying or making unauthorized use of any of Plaintiff's trademarks, service marks or trade dress;

  ii. using any false designation of origin, false description, false representation or any designator which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved by, or authorized by Plaintiff;

  iii. causing likelihood of confusion or misunderstanding as to the source of Defendant's goods and services as relates to Plaintiff;

  iv. causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's trademarks by any unauthorized use of the same;

  v. engaging in any activity constituting unfair competition with Plaintiff or with Plaintiff's rights in, or to use, or to exploit the same;

  vi. passing off Plaintiff's goods and/or services as those of Defendant;

  vii. engaging in false or deceptive commercial advertising and promotion based upon the use of any designation or other information likely to confuse consumers about Defendant's affiliation, connection, or association with Plaintiff;

  viii. claiming to be a manufacturer of overhead doors or electric operators;

  ix. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs i – viii above.

  G. For an order directing Defendant to take corrective action as the Court may deem appropriate to prevent and remedy the trade or public from deriving the erroneous impression that any service or product of Defendant is authorized, affiliated with or related in any way to Plaintiff's products or services, including but not limited to, a prominent disclaimer of association with Plaintiff on Defendant's website and all advertising and promotions.

11

  H.  For an order directing Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above.

  I.  For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorneys' fees, costs, expert witness fees, and other costs under 15 U.S.C. § 1117.

  J.  Pursuant to 15 U.S.C. § 1117, for an award of all of Plaintiff's actual damages in an amount to be established at trial, but in any case of at least $11,200.00, in addition to, without limitation, the costs of the action, including attorneys' fees, plus interest.

  K.  Pursuant to 15 U.S.C. § 1117(a), award Plaintiff three times the amount of actual damages by virtue of the willful nature of Defendant's acts.

  L.  Pursuant to Ohio Revised Code § 4165.03(A)(2), for an award of all of Plaintiff's actual damages in an amount to be established at trial, but in any case of at least $11,200.00, in addition to, without limitation, the costs of the action, including attorneys' fees, plus interest.

  M.  Pursuant to Ohio Revised Code § 4165.03(B), find that Defendant willfully engaged in a trade practice listed in Ohio Revised Code § 4165.02(A), knowing it to be deceptive, and award Plaintiff reasonable attorneys' fees.

  N.  For an award of such other and additional relief, at law or equity, as may be warranted by the facts and the law.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all claims properly heard by a jury.

Dated: April 2, 2015                                       Respectfully submitted,

Christopher D. Marriott (0088584)
cmarriott@essp-law.com
Carl A. Schaffer (0089573)
cschaffer@essp-law.com
James F. Porcello, Jr. (0007820)
jporcello@essp-law.com
EMCH, SCHAFFER, SCHAUB &
PORCELLO CO., L.P.A.
One SeaGate, Suite 1980
Toledo, OH 43604
(419) 243-1294
(419) 243-8502 (facsimile)

*and*

Jan H. Stamm (0001449)
jstamm@bksr.org
BARBER, KAPER, STAMM, ROBINSON
& MCWATTERS
124 N. Fulton St.
P.O. Box 531
Wauseon, OH 43567-0531
(419) 337-5065
(419) 337-1136 (facsimile)

*Attorneys for Plaintiff Haas Door Company*

## CERTIFICATE OF SERVICE

      This is to certify that on this 2nd day of April, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing system through the Court's CM/ECF system.

                                                        Carl A. Schaffer